# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA ESGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1172-HE |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Linda Esgar, through counsel, brings this civil action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). As discussed below, the undersigned recommends that this action be dismissed under Federal Rule of Civil Procedure 41(b) without prejudice to refiling.

BACKGROUND

To commence a civil action, a litigant is generally required to prepay the full filing fee, which is currently $350, plus an administrative fee of $50. *See* 28 U.S.C. § 1914; Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched. ¶ 14; LCvR 3.2. In accordance with 28 U.S.C. § 1915, a litigant may commence a civil action without *prepayment* of such fees, if the litigant satisfies the Court—in its discretion—that he or she is unable to prepay the fees or to give security therefor. *See* 28 U.S.C. § 1915(a)(1), (e)(2)(A); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312-13 (10th Cir. 2005); *see also* LCvR 3.2, 3.3(a),

(d)-(e). When a litigant is granted pauper status, the $50 administrative fee is waived. *See* Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched. ¶ 14.

Absolute destitution is not a prerequisite to pauper status. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Accordingly, a litigant who is granted such status may be ordered to make payments toward the full filing fee, including an initial partial payment, if the Court finds that the litigant has sufficient income or resources to do so. *See* LCvR 3.2 (requiring fee prepayment, absent Court order providing otherwise), 3.3(a) (requiring each applicant for pauper status to use court form, or equivalent, which incorporates financial affidavit), 3.4(a) (providing that persons granted pauper status must pay initial partial filing fee and other payments as ordered by the Court or show that they cannot pay); *cf. Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (holding that court may require indigent litigant to pay fees and costs when financial condition improves).

A litigant's failure to make such payments as ordered can result in the action being dismissed without prejudice to refiling. *See* LCvR 3.4(a); *see also* Fed. R. Civ. P. 41(b) (permitting dismissal upon plaintiff's failure to prosecute or to comply with court order or procedural rules); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962) (discussing court's authority to dismiss under Fed. R. Civ. P. 41(b) absent motion by defendant). A litigant may, however, avoid dismissal if he or she shows in writing why the fee has not been or cannot be paid. *See* LCvR 3.4(a).

ANALYSIS

On October 27, 2014, Plaintiff conditionally filed her Complaint and, through an application to proceed *in forma pauperis*, requested that she not be required to prepay the $400 fee. *See* Complaint, Doc. No. 1; Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. No. 2; LCvR 3.3(d). In her application, Plaintiff stated that, in the past 12 months, she has received $800 monthly income from a certificate of deposit. *See* Pl.'s App., Doc. No. 2, at 1. Plaintiff further stated that she had $400 in cash or in a checking or savings account at the time she completed the application. *Id.* at 3. Plaintiff represented that, other than prescriptions costing $144 per month, she has no regular monthly expenses or other outstanding financial obligations. *See id.* Plaintiff further indicated that no persons are dependent upon her for support. *See id.*

On October 31, 2014, the undersigned granted Plaintiff's request that she not be required to prepay the fee but ordered Plaintiff, based on her income and resources, to pay an initial partial filing fee of $50 by December 1, 2014, followed by monthly payments of $50 until the filing fee had been paid in full. Order, Doc. No. 5, at 1-2 (deeming Complaint filed as of conditional filing date, in accordance with LCvR 3.3(e)). Plaintiff was advised that if she did not pay the initial partial filing fee or show, in writing, good cause for the failure to pay, her action would "be subject to dismissal without prejudice to refiling, and no fees or costs [would] be imposed or collected." Order, Doc. No. 5, at 2.

On December 12, 2014, because Plaintiff had neither paid the initial partial payment nor submitted any further filings to the Court, Plaintiff was ordered to show

good cause in writing by January 2, 2015, as to why this action should not be dismissed. Order, Doc. No. 6, at 1. On January 5, 2015, Plaintiff's counsel filed a response to the Court's December 12th Order, stating that, as of that date, "[P]laintiff ha[d] not responded to her attorney's multiple attempts to reach her to obtain information on how she wishes to proceed." Pl.'s Resp., Doc. No. 7, at 1. To date, Plaintiff has taken no further action to indicate any interest in prosecuting this case. Accordingly, the undersigned recommends that this action be dismissed without prejudice to refiling and that no fees or costs be imposed or collected.

In making this recommendation, the undersigned has considered whether a dismissal could be prejudicial to Plaintiff, despite being ordered without prejudice to refiling. As noted, Plaintiff is seeking judicial review of a final decision of the Commissioner of the Social Security Administration. Such review must be sought by commencing a civil action, in the appropriate federal district court, "within sixty days after the mailing to [Plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." *See* 42 U.S.C. § 405(g); *see also* 20 C.F.R. §§ 404.911, 416.1411 (setting forth factors for Social Security Administration's consideration as to good cause for missing deadline to request judicial review). This 60-day period is not jurisdictional but, rather, is a statute of limitations that may be waived and that is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986).

From the face of Plaintiff's Complaint, it appears that she sought judicial review within, but at or near the end of, the statutory period. *See* Compl., Doc. No. 1, at 2.

Thus, dismissal now for failure to prosecute may result in a subsequent complaint filed by Plaintiff being subject to a statute-of-limitations defense. Because under those circumstances a dismissal of the instant Complaint could be equivalent to a dismissal with prejudice, the undersigned proceeds to address whether such a dismissal "'would satisfy the interests of justice'" by considering:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*See Davis v. Miller*, 571 F.3d 1058, 1060-64 & n.2 (10th Cir. 2009) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918, 921 (10th Cir. 1992)); *see also Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994). Ultimately, for sua sponte dismissal with prejudice to be an appropriate sanction, "the aggravating factors [must] outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted) (noting that the "factors do not constitute a rigid test" but instead "represent criteria" for court's consideration).

As to the first factor—degree of actual prejudice to the defendant—the undersigned finds that Defendant faces little, if any prejudice. In accordance with Local Civil Rule 3.4(b), the Court Clerk has not issued service of process because Plaintiff has not paid the initial partial filing fee. Thus, Defendant has not been served in this matter.

As to the second factor—amount of interference with the judicial process—the undersigned finds significant interference. When granting Plaintiff's request for pauper status, the undersigned advised Plaintiff that her failure to pay the initial partial filing fee

5

or to show good cause for that failure would subject her action "to dismissal without prejudice to refiling, and no fees or costs [would] be imposed or collected." Order, Doc. No. 5, at 2. Plaintiff's failure to pay or to otherwise respond to this order—or to respond to her attorney's "multiple" inquiries, *see* Pl.'s Resp., Doc. No. 7, at 1—has substantially impeded the Court's ability to move this matter forward because the Court cannot ascertain whether Plaintiff intends to further pursue her cause of action, having been informed that it will not be without cost to do so.

As to the third factor—the culpability of the litigant—the undersigned finds that the litigant, rather than her counsel, appears to be primarily responsible for the Court's inability to move the matter forward. *See Davis*, 571 F.3d at 1062-63 (reiterating that sanction be appropriately directed as between client and counsel, based on culpability). As noted, Plaintiff's counsel has represented to the Court that "[P]laintiff has not responded to her attorney's multiple attempts to reach her to obtain information on how she wishes to proceed." Pl.'s Resp., Doc. No. 7, at 1; *see also* Fed. R. Civ. P. 11(b). Although unadorned, this statement reflects that Plaintiff herself has neglected her cause of action, or chosen not to proceed with it, rather than experiencing negligence attributable to her counsel.

As to the fourth factor—warning of dismissal—Plaintiff has twice been warned that this matter would be subject to dismissal if she failed to pay the initial partial filing fee. *See* Order, Doc. No. 5, at 2; Order, Doc. No. 6, at 1. This Report and Recommendation provides Plaintiff with additional notice that her action may be dismissed and that this dismissal may be prejudicial to her ability to pursue her claims.

*See Davis*, 571 F.3d at 1063-64 (holding that notice, including constructive notice, of dismissal as potential sanction is factor weighing in favor of dismissal).

As to the fifth factor—the efficacy of lesser sanctions—the undersigned finds that no sanction less than dismissal is practical in these circumstances. The financial information provided by Plaintiff reflects that she is able to afford the court-ordered payments, and she has taken no action to advise the Court otherwise. Plaintiff's inaction can reasonably be construed as expressing a preference to avoid the assessment and collection of fees and costs in this matter. *See* Order, Doc. No. 5, at 2.

Of the five factors discussed above, the final four factors weigh heavily in favor of dismissal. These aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Ehrenhaus*, 965 F.2d at 921. Thus, even if dismissal of this matter is equivalent to a dismissal with prejudice, the dismissal would satisfy the interests of justice. *See id.* at 918.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this civil action be dismissed under Federal Rule of Civil Procedure 41(b) without prejudice to refiling and that no fees or costs be imposed or collected.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by February 3, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate

7

review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 20th day of January, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE