# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA ESGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1172-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social, | ) | |
| Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Linda Esgar filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b), the case was referred to Magistrate Judge Charles B. Goodwin. He has recommended that the action be dismissed without prejudice, pursuant to Fed.R.Civ.P. 41(b), due to plaintiff's failure to pay the initial partial filing fee or show cause for her failure to pay and also due to her failure to show good cause why the action should not be dismissed.

The magistrate judge realized that the dismissal could be prejudicial to plaintiff because of the time limitations imposed on a party who seeks judicial review of a final decision of the Commissioner. However, after considering the <u>Ehrenhaus</u> factors,[1] he

---

[1] *These are the factors the Tenth Circuit has suggested "a district court may wish to consider when deciding whether to exercise its discretion to issue a dismissal sanction: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.'"* <u>Lee v. Max Int'l, LLC</u>, *638 F.3d 1318, 1323 (10th Cir. 2011) (quoting* <u>Ehrenhaus v. Reynolds</u>, *965 F.2d*

concluded dismissal in this case outweighed the judicial system's strong preference for resolving cases on their merits. Therefore he concluded, even if a dismissal would have the effect of a dismissal with prejudice, it would satisfy "the interests of justice."

Plaintiff failed to object to the Report and Recommendation and thereby waived her right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). *See* 28 U.S.C. § 636(b)(1)(C). Accordingly, the court adopts Magistrate Judge Goodwin's Report and Recommendation and dismisses this action without prejudice. Fed.R.Civ.P. 41(b). No fees or costs will be imposed or collected.

**IT IS SO ORDERED**.

Dated this 11th day of February, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*916, 921 (10th Cir.1992)).*